**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joseph Perl, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> -v.- <br><br> Sontag & Hyman P.C.; and John Does 1-25; <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Perl (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Sontag & Hyman P.C. (hereinafter referred to as "Defendant Sontag"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Sontag is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to receive service of process at its address of 165 Roslyn Road, 1st Floor, Roslyn Heights, New York 11577.

9. Upon information and belief, Defendant Sontag is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendant whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant Sontag sent an initial letter and a "Thirty Day Demand Notice";

    c. attempting to collect a consumer debt;

    d. that included threatening and harassing language;

    e. that failed to provide sufficient, required notice of the consumer's rights;

    f. that contained deceptive threats of legal action;

    g. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, sent as a packet of demands and notices attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

  c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to April 27, 2021, Plaintiff allegedly incurred an obligation to non-party Crown Realty Trust ("Crown Realty").

22. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically a rental agreement with Crown Realty.

23. The alleged Crown Realty obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Crown Realty is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, Crown Realty contracted with Defendant Sontag to collect the alleged debt.

26. Defendant Sontag collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

### *April 27, 2021 Collection Letters*

27. On or about April 27, 2021, Defendant Sontag sent Plaintiff various collection notices including an initial letter, a "Thirty Day Demand Notice," and a "Rider to 30 Day Demand Letter" regarding the debt allegedly owed to Crown Realty. A copy of such correspondence is attached hereto as **Exhibit A**.

28. When a debt collector solicits payment from a consumer, it must, within five days of the initial communication, provide the consumer with a written validation notice which must include the following information:

    (1) The amount of the debt;

    (2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification will be mailed to the consumer by the debt collector; and

(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

29. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty-day period … that the debt, or any portion thereof, is disputed … the debt collector shall cease collection … until the debt collector obtains verification of the debt … and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

30. Defendant Sontag's correspondence ostensibly includes some of the notices required by 15 U.S.C. 1692g; however, the notice is not completely overshadowed by legal threats contained within such correspondence sent by Defendant Sontag.

31. The first letter provides in relevant part:

> The below-named creditor claims that you owe rent arrears as specified. Unless, within thirty days after receipt of this notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, then we will obtain verification of the debt and mail such verification to

you. Additionally, upon your written request with the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

This opportunity to dispute the debt, or a portion thereof, is separate from any response that you are required to make or any action you are required to take with respect to any other legal notices you receive.

PLEASE RESPOND TO ANY LEGAL NOTICES YOU MAY RECEIVE WITHIN THE TIME FRAMES SET FORTH IN THOSE NOTICES.

32. Additionally, within the "Thirty Day Demand Notice," also dated April 27, 2021, Defendant Sontag stated, in relevant part:

TAKE NOTICE, that you are justly indebted to the undersigned Landlord of the above described premises in that you owe the sum of $26,767.33 for the rent of said premises from February 1, 2020 to April 30, 2021 [w]hich you are required to pay on or before the expiration of **THIRTY** days from the day of service of this Notice, or surrender the possession of said premises to the undersigned Landlord, in default of which the undersigned landlord will commence summary proceedings under the Statute to recover the possession thereof.

…

This firm has been retained to collect a debt consisting of the above referenced rent arrears as indicated above. Any information obtained will be used for that purpose. The above-named Landlord (Creditor) claims that you owe rent arrears as specified. Unless, within thirty days after receipt of this notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, then we will obtain verification of the debt and mail or email such verification to you.

33. Additionally, Defendant Sontag sent a "Rider to 30 Day Demand Letter" which stated, in relevant part:

PLEASE TAKE FURTHER NOTICE, that if you fail to pay the amount owed, then unless you can establish within thirty (30) days from the service of this Notice upon you, that under Executive Order 202.28 of the Governor of the State of New York that you are eligible

> for unemployment insurance benefits under State or Federal law or otherwise facing financial hardship due to the Covid-19 pandemic, the landlord will initiate summary proceedings, as may be allowed by law or otherwise authorized under the statute to recover possession of the premises.
>
> If you can establish that you are eligible for unemployment insurance benefits under State or Federal law or otherwise facing financial hardship due to the Covid-19 pandemic, YOUR MUST PROVIDE THE INFORMATION AND/OR DOCUMETATION NECESSARY TO ESTABLISH SAME TO THE LANDLORD
>
> …
>
> If the landlord does not receive from you, within the thirty (30) days, the proof required by this notice to establish under executive order 202.28 that you are eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the covid-19 pandemic, the landlord will presume that you are not so eligible and shall proceed with a summary proceeding.
>
> If you provide the proof necessary to establish that you are eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the covid-19 pandemic, no proceeding will be initiated against you until otherwise allowed by law or other authority. However you should contact us to make payment arrangements to avoid future litigation.

34. Pursuant to the foregoing, Defendant Sontag's notices did not conform to Section 1692g.

35. While Defendant Sontag's correspondence does provide some of the necessary information to Plaintiff as required, the "G-Notice" itself is completely overshadowed by the additional statements contained in the correspondence.

36. Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Russell v. EQUIFAX A.R.S.*, 74 F. 3d 30 35 (2d. Cir 1996). ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a

mailing to a consumer – Congress intended that such notice be clearly conveyed.") Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights … violates the Act." *Russell*, 74 F. 3d at 34.

37. Additionally, the collection letters must be viewed in totality, which in this case requires looking at the initial letter, the "Thirty Day Demand Notice," and the "Rider to 30 Day Demand Letter" collectively. It is insufficient for a for a debt collector to make threats within its correspondence to a debtor and merely assume that providing for some of the elements of the "G-Notice" will properly convey the consumer's rights.

38. As an initial matter, the collection letter itself sets the stage for the confusion resulting from the additional correspondence provided by Defendant Sontag. Specifically, the initial letter states that the opportunity to dispute the debt "is separate from any response that you are required to make or any action you are required to take with respect to any other legal notices you receive." The letter then continues, in all caps, to advise "PLEASE RESPOND TO ANY LEGAL NOTICES YOU MAY RECEIVE WITHIN THE TIME FRAMES SET FORTH IN THOSE NOTICES." As the correspondence contained additional documents that were specifically labeled as a "Notice," it is clear that they give the impression that the Plaintiff must comply with the same, thus frustrating the Plaintiff's ability to properly and knowingly dispute the amount alleged.

39. Specifically, the "Thirty Day Demand Notice" states that the Plaintiff is required to pay the "justly indebted" amount within the next thirty days or face summary proceedings. Such language clearly overshadows and contradicts the notice of the Plaintiff's statutory validation rights and fails to effectively convey such rights to the Plaintiff, in violation of 15 U.S.C. § 1692g.

40. Such overshadowing is only made worse by the "Rider to 30 Day Demand Letter" in which summary proceedings are once again threatened should the Plaintiff either fail to pay the full

amount alleged to be owed or show hardship that would prevent the landlord from proceeding with eviction at that time. The fact that these threats are repeated multiple times, over multiple pages and documents, can only serve to confuse a consumer such as the Plaintiff.

41. Additionally, these statements are threatening and harassing to the Plaintiff.

42. The threats of filing summary proceedings to recover possession of the rented premises if the full sum is not paid only serves to intimidate and scare the Plaintiff, as does the demand that he alternatively surrender the premises within the thirty-day period. The threat coerces the consumer to pay in full rather than dispute the debt for fear of facing eviction proceedings.

43. The use of the legal term of art "summary proceedings to recover possession of the premises" is clearly intended to further cause confusion and harass the Plaintiff as the same are not explained in any manner.

44. The Plaintiff was concerned and confused by the Defendant Sontag's correspondence.

45. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

46. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

47. The overshadowing subjected Plaintiff to an informational injury as he was not able to fully ascertain and assert his statutory rights.

48. Similarly, while Defendant Sontag did notify the Plaintiff of his right to dispute the amount claimed, the statement within the "Rider to 30 Day Demand Letter" directing the Plaintiff to "contact [Defendant Sontag] to make payment arrangements" creates confusion as to whether a written or oral dispute would be sufficient to preserve the Plaintiff's rights." This language once again serves to confuse the Plaintiff about his rights and how to preserve the same.

49. Upon information and belief, if Plaintiff attempted to make payment arrangements for a part of the debt at issue in the course of making such payment arrangements, Defendant Sontag would not honor such verbal disputes pursuant to Section 1692g(a)(3) and (a)(4).

50. In addition, even if Defendant Sontag would honor such a dispute, Defendant would not cease collections as required when receiving a written dispute.

51. Moreover, even if Defendant would cease collections upon receiving a verbal dispute, it would not be handled in a similar timeframe as a written dispute.

52. Due to Defendant Sontag's actions, Plaintiff was confused and thought verbal and written disputes would present equal rights when in fact they did not.

53. Defendant's actions were false, deceptive, and/or misleading.

54. Separately, Plaintiff was concerned and confused by the correspondence as to what rights and options he had in determining how to respond to Defendant Sontag's correspondence.

55. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

56. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

57. In addition, the Plaintiff suffered emotional harm due to Defendant Sontag's improper acts.

58. These violations by Defendant Sontag were knowing, willful, negligent, and/or intentional, and Defendant Sontag failed to maintain procedures reasonably adapted to avoid any such violations.

59. Defendant Sontag's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

60. Plaintiff was confused and misled to his detriment by the statements in Defendant Sontag's correspondence, and relied on the contents of the correspondence to his detriment.

61. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

62. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

63. Defendant Sontag's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant Sontag's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

64. As a result of Defendant Sontag's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

65. Plaintiff repeats the above allegations as if set forth here.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. Defendant violated said section, as described above, by making a false or misleading representation in violation of §1692e (10).

69. By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

70. Plaintiff repeats the above allegations as if set forth here.

71. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

72. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

73. Defendant violated this section by unfairly misrepresenting Plaintiff's rights and misleading Plaintiff as to the proper course of action.

74. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs, and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

75. Plaintiff repeats the above allegations as if set forth here.

76. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

77. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the consumer a written notice containing –…

    4. A statement that if the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

78. Pursuant to 15 U.S.C. § 1692g(b), debt collectors are further required to

79. Defendant violated this section by failing to provide the proper notice required by §1692g in an initial collection letter and related enclosed correspondence.

80. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

81. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joseph Perl, individually and on behalf of all others similarly situated, demands judgment from Defendant Sontag as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 8, 2021							Respectfully submitted,

**Stein Saks PLLC**

s/ Raphael Deutsch
By:  Yaakov Saks, Esq.
One University Plaza
Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ysaks@SteinSaksLegal.com

*Attorneys for Plaintiff*